48 F.3d 1232
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert L. KUHN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-7075.
(D.C. No. CV-93-007-S)
 United States Court of Appeals,
Tenth Circuit.
 March 9, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from a district court order affirming the decision of the Secretary to deny disability insurance benefits. We review that decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotations omitted). Upon consideration of the administrative record in light of these standards, we affirm.
 
 
 3
 Plaintiff claims he is disabled by limited mobility and pain resulting from arthritic knees, particularly the left, which he injured in a fall in 1989, and degenerative disc disease. The administrative law judge (ALJ) found the former impairment severe enough to preclude plaintiff's return to his past relevant work, which was primarily heavy, unskilled and semi-skilled labor. Relying on the testimony of a vocational expert, the ALJ determined plaintiff could still perform a significant number of sedentary jobs, and accordingly found plaintiff not disabled at step five of the controlling sequential analysis. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(describing analysis in detail). The Appeals Council and the district court, in turn, approved the ALJ's assessment of the case.
 
 
 4
 On appeal, plaintiff raises several objections, none of which we find persuasive. First, plaintiff contends the ALJ did not fulfill his duty to develop the record adequately, see generally Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir.1993), particularly as to plaintiff's daily activities and capacity to sit, stand, walk, and lift. Actually, the ALJ inquired extensively into plaintiff's daily activities, both with plaintiff and plaintiff's wife. R. II at 36-40, 55-58. With respect to plaintiff's ability to sit, neither plaintiff, his three additional witnesses, nor the medical exhibits gave the ALJ any reason to suspect a pertinent limitation--indeed, plaintiff testified he does not have any difficulty driving a car, id. at 37, while his wife acknowledged more directly that he has no problems sitting and watching television,[2] id. at 57. As for the other physical qualifications, the ALJ obtained testimony from several witnesses regarding plaintiff's limited capacity to stand and walk,[3] see id. at 38-39, 53-54, 56-57, while plaintiff specifically admitted his ability to lift ten pounds, id. at 43. Under the circumstances, the ALJ satisfied his duty to develop the facts pertinent to plaintiff's alleged impairments.
 
 
 5
 Plaintiff contends substantial evidence does not support the ALJ's determination that he could perform the sedentary work necessary for the jobs identified by the vocational expert. Upon consideration of the record, we deem the evidence sufficient to substantiate the ALJ's findings relating to plaintiff's residual functional capacity (RFC), with one caveat. At several points in his decision, after stating that plaintiff possessed the basic RFC required for sedentary work, the ALJ also expressed the misunderstanding that, by definition, such work includes the opportunity to alternate sitting and standing as needed. See R. II at 14, 17, 18. That is clearly not the case, particularly when the impaired individual, like plaintiff, possesses no transferrable skills:
 
 
 6
 In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work....
 
 
 7
 There are some jobs in the national economy--typically professional and managerial ones--in which a person can sit or stand with a degree of choice. If an individual had such a job and is still capable of performing it, or is capable of transferring work skills to such jobs, he or she would not be found disabled. However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.
 
 
 8
 Soc. Sec. Rul. 83-12, 1983 WL 31253, * 4 (emphasis added).
 
 
 9
 This misunderstanding does not, however, affect our assessment of the ALJ's basic determination that plaintiff can do sedentary work. As already noted, the record contains no evidence of any limitation on plaintiff's ability to sit. Consequently, any finding limiting plaintiff's RFC in this regard would have to be rejected under the standards governing our appellate review. The inconsistency apparent in the ALJ's RFC findings is thus resolved without undermining his primary conclusion that plaintiff retains the capacity to perform sedentary work.[4]
 
 
 10
 The lack of substantial evidence for any sitting restriction also negates plaintiff's specific contention that the ALJ deviated from the dictates of Soc. Sec. Rul. 83-12, quoted above. Obviously, the claimant's need to alternate sitting with standing must be established adequately as a factual matter before the ALJ may be faulted for not accommodating or accounting for such a limitation as directed in the administrative ruling.
 
 
 11
 Finally, plaintiff maintains the ALJ's examination of the vocational expert was incomplete and objectionable. On the contrary, the ALJ properly included in his hypothetical to the expert all--and only--those limitations borne out by the evidentiary record. See Gay v. Sullivan, 986 F.2d 1336, 1340-41 (10th Cir.1993). Plaintiff also contends that the suitability of some of the jobs identified by the vocational expert is undercut by their descriptions in the Dictionary of Occupational Titles. Counsel clearly was on notice of the potential availability of this objection when proceeding below, see id. at 1340 n. 2, but neglected to raise it for the district court's consideration. We therefore deem it waived. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir.1994); Channel v. Heckler, 747 F.2d 577, 579 n. 2 (10th Cir.1984). In any event, were we to consider the matter on the merits, a sufficient number of jobs identified by the vocational expert would remain to satisfy the Secretary's burden at step five.
 
 
 12
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff's wife went on to say that sometimes plaintiff just needs to lie down, but this was never related to any problem caused by sitting. R. II at 57. The ALJ misconstrued this testimony (and erroneously attributed it to plaintiff himself) when he noted that "[plaintiff] states that when he sits and watches TV he incurs pain." Id. at 16. As indicated above, plaintiff never complained about any difficulty sitting
 
 
 [3]
 Indeed, the ALJ included a thirty-minute limit on standing in his hypothetical to the vocational expert, R. II at 60, and when the ALJ gave plaintiff an opportunity to comment thereon, plaintiff did not take issue with the standing restriction used, id. at 61-62. Furthermore, the expert testified that the jobs she had cited did not require standing in any event. Id. at 61
 
 
 [4]
 The ALJ's reference to the sit/stand restriction may well have been the result of inadvertence rather than deliberation. The ALJ describes the hypothetical he posed to the vocational expert as involving a "person with the ability ... to lift or carry no more than ten pounds at a time and sit and stand as necessary, with a further qualification that there be no requirement of sitting for longer than 30 minutes without being able to adjust his position." R. II at 17. Actually, the ALJ never mentioned a sit/stand restriction to the vocational expert, and the thirty-minute limitation he did impose related to plaintiff's capacity for standing, not sitting. Id. at 60-61