UNITED STATES COURT OF APPEALS
**Filed 9/11/96**
FOR THE TENTH CIRCUIT

LENA M. HASLERIG,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,*

      Defendant-Appellee.

No. 95-5225
(D.C. No. 94-C-237-W)
(N.D. Okla.)

ORDER AND JUDGMENT**

Before TACHA, ALDISERT,*** and BALDOCK, Circuit Judges.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*\*     Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Lena M. Haslerig appeals from the district court's order affirming the decision of the Secretary of Health and Human Services denying her application for supplemental income benefits under the Social Security Act. Agency regulations establish a five-step sequential analysis to evaluate disability claims. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(describing five steps in detail). Here, the administrative law judge (ALJ) reached step four of the evaluation, concluding that claimant could return to her past relevant work. Our jurisdiction over this appeal arises under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. Our review of the agency's decision is limited to determining whether the decision is supported by substantial evidence and whether the correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).

On appeal, claimant contends that 1) her past relevant work did not include her work as a cook, 2) the ALJ erred in determining that claimant could perform her past relevant work as a housekeeper, and 3) the Appeals Council improperly

weighed the opinion of claimant's treating physician, Dr. Davis, submitted after the ALJ's decision.

Our review of the record on appeal, together with the parties' briefs, leads us to conclude that substantial evidence supports the ALJ's conclusion that claimant is not disabled under the Social Security Act. Claimant's third issue regarding Dr. Davis's opinion, was not presented to the district court. That issue is waived, and we will not consider it on appeal. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge