**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBERT L. BLOCKER,

        Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 96-5174
(D.C. No. 95-CV-513-M)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

Claimant-appellant Robert L. Blocker appeals the district court's affirmance of the Commissioner of Social Security's denial of claimant's applications for disability insurance benefits and supplemental security income (SSI) benefits.[1] Because claimant's appeal raises issues which were not presented

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined

(continued...)

to the district court or to the Appeals Council, and because the Commissioner's decision is supported by substantial evidence, we affirm.

Claimant applied for disability and SSI benefits in July 1992, alleging an inability to work after December 31, 1991, due to epilepsy, back problems, and high blood pressure. There is also evidence that claimant suffers from a left knee impairment. After a hearing at which a vocational expert testified, the administrative law judge (ALJ) found that claimant retains the ability to perform his former work as a wrapper despite his impairments and, therefore, he is not disabled. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. The district court affirmed, and this appeal followed.

We review the Commissioner's decision to determine whether her factual findings are supported by substantial evidence and whether correct legal standards were applied. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations and citations omitted). We may "neither reweigh the evidence nor

[1](...continued)
unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

-2-

substitute our judgment" for that of the Commissioner. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991).

On appeal, claimant argues that the ALJ erred in finding that claimant retains the ability to lift twenty-five pounds frequently, and in failing to consider the vocational effect of claimant's "absent seizures." Neither of these issues was raised, however, to the Appeals Council or to the district court. <u>See</u> R. II at 24-25; Plaintiff's Memorandum Brief, attached to Appellant's Brief. Absent compelling reasons, we do not consider issues raised for the first time on appeal. <u>See</u> <u>Crow v. Shalala</u>, 40 F.3d 323, 324 (10th Cir. 1994). As claimant has not identified any compelling reasons to deviate from the general rule, we hold that his issues have not been preserved for appeal. <u>See</u> <u>id.</u> Even if these issues were properly before us, the Commissioner's conclusion that claimant can perform his former work as a wrapper is supported by substantial evidence in the record.

AFFIRMED.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge