**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 28 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LEONA M. BLACKMON,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 96-5194
(D.C. No. 95-C-512-M)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[***] District
Judge.

---

[*]    Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner of
Social Security. P.L. No. 103-296. Although the Commissioner was the named
defendant in the district court proceeding, in the text we continue to refer to the
Secretary because she was the appropriate party at the time of the underlying
agency decision.

[**]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]    Honorable Robin J. Cauthron, District Judge, United States District Court
for the Western District of Oklahoma, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Leona M. Blackmon appeals from the district court's order affirming the decision of the Secretary of Health & Human Services to deny her disability and supplemental income benefits under the Social Security Act. Claimant applied for benefits in 1993, alleging disability as a result of diabetes, high blood pressure, vision problems, dizziness, and pain in her legs and feet. Her requests for benefits were denied administratively and upon reconsideration.

A hearing before an administrative law judge (ALJ) resulted in a decision concluding that claimant was not disabled. Agency regulations establish a five-step sequential analysis to evaluate disability claims. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). The ALJ in this case determined that claimant retained the residual functional capacity (RFC) to perform a wide range of light work, limited by restrictions from operating motor vehicles and being exposed to unprotected heights, as well as by a need to have regularly scheduled meals. The ALJ determined, at step four, that claimant could return to her past relevant work as a hospital unit clerk.

-2-

Alternatively, the ALJ determined, at step five, that claimant could perform other jobs which exist in significant numbers in the national economy.

The Appeals Council denied review, and claimant filed suit in federal district court. The parties consented to proceed before the magistrate judge, pursuant to 28 U.S.C. § 636(c). The district court affirmed the agency's denial of benefits. Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. Our review of the agency's decision is limited to determining whether the decision is supported by substantial evidence based on the record as a whole and whether the correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).

On appeal, claimant contends that the ALJ failed to properly develop the record and argues that the ALJ should not have relied on an opinion from one of claimant's treating physicians. She also challenges the ALJ's RFC determination, specifically calling into question the ALJ's credibility determination as to her testimony and arguing that the ALJ improperly relied on claimant's daily activities in reaching his decision.

Initially, we note that claimant did not challenge the ALJ's credibility determination before the district court. Although counsel states that the issue was raised below and refers us to a specific page of his district court brief as required by this court's rules, see 10th Cir. R. 28.2(b), nowhere on that page or within the

brief did counsel squarely address the issue of the ALJ's credibility determination. The page counsel cites to contains arguments regarding the ALJ's allegedly improper reliance on claimant's daily activities and household chores as a basis for his RFC determination. Although those arguments include a statement that an opinion from claimant's treating physician does not "negate her claim of disabling pain," there is no suggestion that, as counsel now argues, the ALJ's credibility determination as to claimant's testimony was in error because he failed to make specific findings and link those findings to evidence in the record. Counsel's representation that this credibility argument was raised below is disingenuous at best and at worst, a blatant mischaracterization of the record. This is a step beyond simply arguing issues for the first time on appeal, and we admonish counsel from stretching the truth in this fashion as a justification for his presentation of new arguments. Counsel has given us no reason to depart from our general rule that we do not review issues not presented to the district court, and we decline review of any argument regarding the ALJ's credibility determination. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

We reject counsel's contention that the ALJ improperly relied on claimant's household chores to reach his RFC determination. A review of the ALJ's decision reveals that the ALJ relied on numerous factors in reaching that determination. Further, statements regarding daily activities are evidence to be

considered under the Secretary's regulations.  See 20 C.F.R. §§ 404.1529(a); 416.929(a).

As to the remaining issues raised and properly preserved for appellate review, namely claimant's arguments that the ALJ failed to develop the record and erred by relying on the opinion of Dr. Browning, one of claimant's treating physicians, we conclude that the magistrate judge's decision is both thorough and correct.  Therefore, for substantially the same reasons as those contained in that decision, dated June 11, 1996, and attached as an exhibit hereto, we reject claimant's arguments on these issues.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge

-5-