**Larry CROW, Plaintiff–Appellant,**

v.

**Donna SHALALA, Secretary of Health & Human Services, Defendant–Appellee.**

**No. 94–6086.**

United States Court of Appeals, Tenth Circuit.

Nov. 8, 1994.

---

Mitchell Gray, Oklahoma City, OK, submitted on briefs, for plaintiff-appellant.

Vicki Miles–LaGrange, U.S. Atty., Gayla Fuller, Chief Counsel, Region VI, Charlene M. Seifert, Acting Chief, and Joseph B. Liken, Supervisory Asst. Regional Counsel, Office of the Gen. Counsel, U.S. Dept. of Health and Human Services, Dallas, Texas, submitted on brief, for defendant-appellee.

Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,* District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

Claimant Larry Crow appeals from an order of the district court affirming the final

---

* Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

decision of the Secretary of the Department of Health and Human Services denying his application for social security disability benefits. Mr. Crow claims that he is disabled due to his severe mental impairment or to a combination of his mental and physical impairments. The administrative law judge (ALJ) denied benefits at step four of the five-part sequential evaluation process for determining disability. *See* 20 C.F.R. § 404.1520; *see also Williams v. Bowen,* 844 F.2d 748, 750–52 (10th Cir.1988) (discussing five-step process). The ALJ determined that Mr. Crow retained the residual functional capacity to perform light work and could return to his past work as an auto paint and body repair man because as he performed that job, it was light work. The ALJ therefore concluded that Mr. Crow was not disabled. The Appeals Council affirmed. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.[1]

In the district court, the only issues Mr. Crow raised were whether the ALJ erred in finding that Mr. Crow performed his past work at the "light" exertional level and by not obtaining more information about the mental requirements of Mr. Crow's past work. He did not contest the ALJ's conclusion that he could perform light work.

 On appeal, Mr. Crow raises two different arguments: (1) that the Secretary erred in not finding him disabled due to severe mental impairment; and (2) that he was disabled during the relevant period due to the combined effects of his numerous physical and mental impairments. He does not re-argue the issues he raised in the district court, but essentially contends that he cannot perform any work, light or otherwise. Absent compelling reasons, we do not consider arguments that were not presented to the district court. *Channel v. Heckler,* 747 F.2d 577, 579 n. 2 (10th Cir.1984); *see also O'Connor v. Shalala,* 23 F.3d 1232, 1234 (7th Cir. 1994) ("Congress has not provided for direct circuit court review of social security disability determinations; in a process that has been criticized as 'cumbersome and duplicative,'

the district court conducts an appellate review of the Secretary's decision, and we then review the district court's judgment.") (citation omitted). Throughout these proceedings, Mr. Crow has been represented by counsel, and we see no reason to deviate from the general rule. Moreover, we have analyzed the arguments Mr. Crow raises, and were we to consider them, we would find them unpersuasive.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.