43 F.3d 1484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jaffrey ZAFAR, Claimant-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, Donna
Shalala, Secretary, Defendant-Appellee.
 No. 94-6165.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff filed an application for disability benefits under Title II of the Social Security Act on July 31, 1989. His application was denied initially and upon reconsideration, at which point plaintiff requested a hearing before an Administrative Law Judge (ALJ). The ALJ denied plaintiff's application for benefits on June 21, 1990. Plaintiff then requested review by the Appeals Council, which remanded his case to the ALJ for further consideration of plaintiff's orthopedic and mental impairments. No supplemental hearing was held because plaintiff had moved to Pakistan. A second ALJ denied plaintiff's application for disability benefits on February 28, 1992. The Appeals Council denied plaintiff's request for review, making the ALJ's denial of benefits the final decision of the Secretary.
 
 
 3
 Plaintiff sought judicial review of the Secretary's decision in the district court, and the parties consented to proceed before a Magistrate Judge. The Magistrate Judge found that there was substantial evidence to support the ALJ's decision, and the district court entered judgment affirming the step five nondisability determination of the Secretary. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(detailing five-step evaluative sequence for disability determination). Plaintiff appeals from that judgment, and we affirm.
 
 
 4
 Plaintiff was forty-six years old when he slipped and fell on the ice, injuring his back. He claims disability because of his back injury and the pain it causes. Plaintiff also claims he suffers from a mental impairment due to depression resulting from the effects of his back injury. Plaintiff argues on appeal that the record does not contain substantial evidence to support the ALJ's finding that plaintiff did not meet or equal the listings, considering his combination of impairments, or the ALJ's finding that plaintiff's allegations of the severity and frequency of his pain were not credible. Plaintiff also argues error in the ALJ's reliance on the grids in determining nondisability.
 
 
 5
 The Secretary maintains that plaintiff did not argue to the district court a lack of substantial evidence to support the ALJ's finding that plaintiff's impairment did not meet or equal the listings. Indeed, the district court did not address that issue. Plaintiff's brief fails to identify where in the record the issue was raised and ruled upon, see 10th Cir. R. 28.2(c), and no reply brief was filed refuting the Secretary's allegation. Neither is plaintiff's district court brief included in the record before us, and we are under no obligation to supplement the record. See 10th Cir. R. 30.1.1. Plaintiff has been represented by counsel throughout the proceedings, and we see no compelling reason to consider his argument raised for the first time on appeal. See Crow v. Shalala, No. 94-6086, 1994 WL 617549, at * 1 (10th Cir. Nov. 8, 1994).
 
 
 6
 The first of plaintiff's two remaining issues is whether the record contains substantial evidence to support the ALJ's finding that plaintiff's subjective complaints of pain were not credible. The ALJ considered plaintiff's subjective complaints of pain, and he evaluated them in conjunction with both the medical and nonmedical evidence of record. See Luna v. Bowen, 834 F.2d 161, 164-66 (10th Cir.1987) We agree with the district court that there is substantial evidence in the record to support the ALJ's determination that plaintiff's subjective complaints regarding the duration and severity of his pain were not fully credible.
 
 
 7
 Finally, plaintiff alleges error in the ALJ's reliance on the grids in finding that plaintiff was not disabled. Plaintiff argues that the existence of his nonexertional impairments, a mental impairment and pain, precluded the ALJ's mechanical application of the grids in finding that plaintiff was not disabled. The ALJ did not err in relying on the grids in light of his findings that plaintiff's nonexertional impairments did not limit his ability to perform light work and that plaintiff's subjective complaints as to the duration and severity of his pain were not fully credible. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1030 (10th Cir.1994).
 
 
 8
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470