56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Judith A. SAUNDERS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
[1] Defendant-Appellee.
 No. 94-7120.
D.C. No. CV-90-173.
 United States Court of Appeals, Tenth Circuit.
 May 30, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Judith Saunders appeals the district court's affirmance of the denial of her application for social security disability benefits. She claims she has been disabled since 1985 from chronic fatigue syndrome. An administrative law judge (ALJ) found claimant is not disabled because, although she cannot perform her past job as a registered nurse, she can perform certain sedentary jobs existing in significant numbers in the national economy. The Appeals Council denied review and the ALJ's decision became the final decision of the Secretary. Our review is limited to determining whether substantial evidence supports the Secretary's findings and whether the correct legal standards were applied. Gay v. Sullivan, 986 F.2d 1336, 1338 (10th Cir.1993). We affirm.
 
 
 3
 Claimant argues on appeal that (1) substantial evidence does not support the determination that she can perform substantial gainful activity, (2) she is disabled because of chronic fatigue syndrome, (3) the ALJ failed to properly evaluate her pain and opinions from her treating physicians, and (4) the vocational expert's testimony shows she cannot perform substantial gainful activity.
 
 
 4
 We are not persuaded by claimant's arguments. Based on our review of the entire record, we conclude that substantial evidence supports the denial of benefits. The ALJ specifically adopted the findings and conclusions made by an ALJ who had previously evaluated claimant's impairments. The previous ALJ's opinion shows that proper consideration was given to claimant's subjective complaints of pain and fatigue. Further, the previous ALJ's opinion provides sufficient reason for rejecting the opinions of Drs. Roth and De Los Angeles.
 
 
 5
 We have not considered claimant's additional arguments that the ALJ (1) erroneously failed to ask the vocational expert to assume limitations with sitting, lifting, and mobility; (2) improperly asked the vocational expert to assume claimant could perform sedentary work; and (3) failed to identify a significant number of jobs. Claimant has not shown where in the record these arguments were raised and ruled upon, as required by 10th Cir. R. 28.2(c). The district court's order shows that it did not address these arguments. Therefore, these arguments are waived. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir.1994).
 
 
 6
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470