83 F.3d 432
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John R. LEWIS, JR., Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-5137.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 
 1
 Before KELLY and BARRETT, Circuit Judges, and BROWN,*** Senior District Judge.
 
 ORDER AND JUDGMENT[2]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals from a district court order affirming the decision of the Secretary denying his application for benefits. In social security cases, we closely examine the record as a whole to determine whether the Secretary's decision is supported by substantial evidence and adheres to applicable legal standards. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994). As in all other appeals, however, the scope of our review here is delimited by the issues preserved and presented by the claimant. See Murrell v. Shalala, 43 F.3d 1388, 1389-90 & n. 2 (10th Cir.1994)(recognizing waiver of alternative ground for disposition unchallenged on appeal); Crow v. Shalala, 40 F.3d 323, 324 (10th Cir.1994)(recognizing waiver of issue not preserved in district court). Upon consideration of the contentions properly before us, we find no reversible error and, therefore, affirm.
 
 
 4
 Plaintiff claims a disability based on alleged exertional and nonexertional impairments associated with his knees, back, and shoulder. After assessing the pertinent medical documentation and subjective evidence, the ALJ found plaintiff retained "the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for lifting/carrying 20 pounds occasionally and 10 pounds frequently, [and] occasional climbing," R. II at 26, i.e., plaintiff could perform the full range of both light work (with a climbing restriction) and sedentary work. Relying on vocational expert testimony, the ALJ concluded plaintiff's impairments would allow him to perform a significant number of jobs within these two categories, including chauffeur (light), production checker (light), dispatcher (sedentary), and cashier (sedentary). Id.; see also id. at 93-94. Accordingly, the ALJ determined plaintiff was not disabled at step five of the controlling analytical sequence. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(detailing five-step analysis set out in 20 C.F.R. 404.1520 & 416.920).
 
 
 5
 On appeal, as in the district court, plaintiff takes issue only with the ALJ's finding that he can perform light work, arguing that the condition of his knees precludes the extensive walking and standing presumptively required by such work. See Appellant's Br. at 2, 8-13; "Plaintiff's Memorandum Brief" (attachment to Appellant's Br.) at 3-5. Thus, plaintiff has never challenged his asserted ability to perform the sedentary occupations specifically identified by the vocational expert and expressly acknowledged by the ALJ. "Since th[is] unchallenged step-five finding is, by itself, a sufficient basis for the denial of benefits, plaintiff's success on appeal is foreclosed[.]" Murrell, 43 F.3d at 1390. Further, and in any event, our independent review of the record has disclosed no basis for disturbing the ALJ's findings in this regard.
 
 
 6
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 ***
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3