UNITED STATES COURT OF APPEALS
**Filed 5/29/96**
FOR THE TENTH CIRCUIT

LAWRENCE L. CARRUTHERS,

Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner of
Social Security Administration,[*]

Defendant-Appellee.

No. 95-5189
(D.C. No. 93-C-962-E)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*] Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Lawrence Carruthers appeals from an order of the district court[1] affirming the final decision of the Secretary of Health and Human Services denying his applications for social security disability and supplemental security income benefits. Plaintiff contends he has been disabled since June 1991 because of pain in his neck and back associated with arthritis. The administrative law judge (ALJ) denied benefits at step four of the five-part sequential process for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five-step process). The ALJ determined that plaintiff retained the residual functional capacity to perform his past work as a dishwasher and therefore was not disabled. The Appeals Council affirmed, making the ALJ's determination the final decision of the Secretary.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. Washington v. Shalala, 37 F.3d 1437, 1439 (10th

---

[1] By the parties' consent, the case was referred to the magistrate judge for disposition. See 28 U.S.C. § 636(c).

Cir. 1994). Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The magistrate judge's July 10, 1995 order fully describes the relevant factual background, and we need not repeat it. On appeal, plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ's assessment of plaintiff's residual functional capacity was not supported by reference to specific evidence and is internally inconsistent and because the ALJ failed to properly consider the side effects of plaintiff's blood pressure medicine. We have reviewed the record and considered these arguments, and we find them unpersuasive for substantially the same reasons as those stated in the magistrate judge's order.

Plaintiff also contends that the ALJ failed to properly consider his allegation of pain and improperly relied on testimony by a vocational expert. Plaintiff did not raise these two arguments in the district court, and we will not consider them on appeal. Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge

3