UNITED STATES COURT OF APPEALS
**Filed 8/2/96**
FOR THE TENTH CIRCUIT

MARTHA DAVIS,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,[*]

      Defendant-Appellee.

No. 95-7169
(D.C. No. CV-94-478-B)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before TACHA, ALDISERT,[***] and BALDOCK, Circuit Judges.

---

[*]      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]      Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's affirmance of the Secretary's decision denying plaintiff supplemental security income (SSI). The Secretary determined, at step four of the sequential analysis, <u>see</u> 20 C.F.R. § 416.920, that plaintiff could return to her past relevant work as either a sales clerk or a receptionist despite her epilepsy. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 and affirm.

"We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards." <u>Washington v. Shalala</u>, 37 F.3d 1437, 1439 (10th Cir. 1994). Although plaintiff raises several related issues on appeal, the only one that she raised in the district court, and, therefore, the only one that we will consider, <u>see</u> <u>Crow v. Shalala</u>, 40 F.3d 323, 324 (10th Cir. 1994), is whether the Secretary erred by failing to obtain a consultative examination concerning plaintiff's seizure disorder.

The Secretary has determined, as a matter of policy, that

[a]s a result of modern treatment which is widely available, only a small percentage of epileptics, who are under appropriate treatment, are precluded from engaging in substantial gainful activity (SGA). Situations where the seizures are not under good control are usually due to the individual's noncompliance with the prescribed treatment rather than the ineffectiveness of the treatment itself.

Social Security Ruling 87-6, Soc. Sec. Rep. Serv., Rulings 1983-1991, 506, 506 (West 1992). Therefore, a person cannot be found to be disabled due to epileptic seizures without "detailed information . . . [that] establish[es] whether the seizures are due to factors beyond the individual's control or to noncompliance with prescribed therapy." Id. at 507.

The record reflects that plaintiff has been on anti-convulsant medication since she began having epileptic seizures at the age of twelve or thirteen. Plaintiff was able to work, despite her seizure disorder, until February 1993. At that time, plaintiff alleged, her seizures became so frequent that she could no longer work. This increase in frequency apparently related to petite mal seizures, as the medical records reflect that plaintiff had only one grand mal seizure in 1993. Plaintiff's testimony constitutes the only evidence of a change in her seizure disorder as of the alleged onset date. The medical records show that plaintiff saw a doctor only once after the onset date, at which time the doctor lowered the dosage of her anti-convulsant drug, because the level in her blood was above the therapeutic range.

On appeal, plaintiff argues that, because the record does not contain all the documentation necessary to establish disabling seizures despite adherence to a prescribed treatment regimen, the Secretary should have ordered a consultative exam to generate the required documentation. This argument overlooks two important facts. First, plaintiff bears the burden of establishing her disability at steps three and four of the sequential analysis. See, e.g., Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992). Second, Social Security Ruling 87-6 specifically provides that a consultative exam is not an authoritative source for certain of the necessary documentation. Soc. Sec. Rep. Serv., Rulings 1983-1991, at 507. Therefore, the Secretary did not err in failing to order a consultative examination.

Based upon our review of the record, we conclude that substantial evidence supports the Secretary's determination that plaintiff's epilepsy was not disabling and that the Secretary committed no reversible legal error. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Ruggero J. Aldisert
Senior Circuit Judge