UNITED STATES COURT OF APPEALS
**Filed 9/11/96**
FOR THE TENTH CIRCUIT

EMILY J. BOLIN,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,*

      Defendant-Appellee.

No.  96-5007
(D.C. No. 94-C-1035-W)
(N.D. Okla.)

ORDER AND JUDGMENT**

Before TACHA, ALDISERT,*** and BALDOCK, Circuit Judges.

---

\*      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security.  P.L. No. 103-296.  Pursuant to Fed. R. App. Proc. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*\*      Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Emily J. Bolin appeals from an order of the magistrate judge[1] affirming the Secretary's denial of supplemental security income benefits. We carefully examine the record to determine whether the Secretary's decision is supported by substantial evidence and adheres to applicable legal standards. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). As with any other appeal, however, the scope of our review is limited to the issues properly preserved and presented by the appellant. See Murrell v. Shalala, 43 F.3d 1388, 1389-90 & n.2 (10th Cir. 1994); Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). Guided by these principles, we affirm for the reasons stated below.

Plaintiff raises several objections to the ALJ's decision. However, only two of these were preserved in district court: (1) the ALJ improperly evaluated plaintiff's complaints of chest pain, and (2) the ALJ erred in finding plaintiff capable of performing medium work. Compare Appellant's Br. at 15-16 with

---

[1]     The parties consented to disposition of the case by the magistrate judge, pursuant to 28 U.S.C. § 636(c)(1). Our jurisdiction is therefore secured by § 636(c)(3), in conjunction with 28 U.S.C. § 1291.

"Plaintiff's Memorandum Brief" (attached to Appellant's Br.) at 3-5 and R. Vol. I at 7-8 (recitation of issues by magistrate judge). All other matters are, therefore, deemed waived. Crow, 40 F.3d at 324. Moreover, since the ALJ also relied on plaintiff's ability to perform a number of light and sedentary jobs identified by the vocational expert, see R. Vol. II at 19, 20, any error relating only to medium work would not undermine the ALJ's disposition. See Murrell, 43 F.3d at 1389-90 (affirmance appropriate where claimant challenges only one of alternative grounds supporting ALJ's decision). Consequently, we are concerned here solely with the ALJ's assessment of plaintiff's chest pain.

All of the medical documentation cited in support of plaintiff's allegation of chest pain derives from Dr. Carver, her treating physician. Dr. Carver initially diagnosed mild congestive heart failure with functionally disabling angina based on a preliminary finding of 70% mid-LAD aortic stenosis, see R. Vol. II at 150-58, 206-07, which led him to specify the following plan: "Repeat selected coronary angiograms [to confirm the degree of stenosis, seen only in a single view] and if anatomically indicated will consider percutaneous transluminal coronary angioplasty to her mid-LAD." Id. at 207. As the ALJ noted, the confirming angiograms revealed only a 20-30% mid-LAD stenosis, leading Dr. Carver to revise his initial impression, now finding only "Insignificant Coronary Disease" and ascribing plaintiff's subjective complaints to "[c]hest pain of

uncertain etiology." Id. at 200. A year later, Dr. Dahlmann examined plaintiff and, consistent with Dr. Carver's final diagnosis, concluded she "does not appear to have any medical abnormality that would preclude her participation in the labor force . . . ." Id. at 177. Furthermore, plaintiff has stated that her sporadic pain is not exertional and is controlled by medication, to which she has not attributed any side effects. See id. at 51-52; see also id. at 174-75, 178 (chest pain is "not exertional" and "stops completely" 15-20 minutes after medication). Under these circumstances, the ALJ did not err in concluding that plaintiff's chest pain would impose no significant limitation on her work activities. Cf. Dixon v. Heckler, 811 F.2d 506, 508 (10th Cir. 1987)(because medical conditions are "well-controlled . . . without negative side effects," "we cannot reverse the ALJ's finding that [plaintiff] was capable of performing a full range of light work, not significantly compromised by her nonexertional limitations").

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-4-