**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DARRELL D. SANDS,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-3241
(D.C. No. 97-CV-2058)
(D. Kan.)

**ORDER AND JUDGMENT**[**]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

[**]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Darrell D. Sands appeals from an order of the district court that affirmed the Commissioner's denial of his claim for social security disability and supplemental security income benefits.  He challenges, as not supported by substantial evidence, the findings of the Administrative Law Judge (ALJ) that: (1) the testimony as to the extent of his pain was not entirely credible and he is not disabled by pain; and (2) although he cannot return to his past heavy work, he retains the residual functional capacity to perform a significant number of light jobs and therefore is not disabled.  We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.  We review the Commissioner's decision on the whole record to determine only whether it is supported by substantial evidence and the correct legal standards were applied.  See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995).  We affirm.

Plaintiff filed his claim for benefits on June 17, 1994, alleging a disability beginning in April 1985 from injuries suffered when a tree fell on him as he worked as a firewood cutter.  Plaintiff is illiterate, is of borderline intelligence with a full-scale IQ of 74, and was 46 years old at the time of the hearing in January 1996.  He claims he cannot work because of pain.

The ALJ noted that plaintiff did not seek on-going treatment for any medical condition after his initial injuries from the tree accident healed, and that he does not take any strong medication for pain.  See Appellant's App. at 22. These reasons are adequate for discounting the credibility of plaintiff's claim of disabling pain.  See Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991) (listing factors ALJ should generally address in assessing credibility of claimant's allegations of disabling pain); see also Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987).  Although plaintiff argues on appeal that he could not afford medical treatment or pain medication, there is no indication that he raised this argument in the district court, and it is therefore waived.  See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).  Plaintiff's argument that the ALJ erred in including in his hypothetical to the vocational expert (VE) that plaintiff lacks bilateral hearing but can hear normal conversational tones is without merit. Although plaintiff points to evidence that he has been deaf in his left ear since he was a child and has impaired hearing in his right ear, the evidence also shows that plaintiff has been considered a good candidate for a hearing aid, that his hearing impairments did not prevent him from working in the past, that he has only minimal difficulties in day-to-day communication, and that he was able to participate normally at his disability hearing.

Plaintiff also argues that he is disabled under the medical-vocational guidelines (the "grids"), 20 C.F.R. § 416.963(b) and 20 C.F.R., Pt. 404, Subpt. P, App. 2, Rule 201.17. As a younger, illiterate, unskilled individual, he would be disabled under Rule 201.17 if he could perform only sedentary work. He claims that the 1500 light jobs the VE testified that he can perform do not constitute "significant numbers," and cannot be considered. Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992). If this is the case, then the ALJ erred in using Rule 202.16 as a guideline that plaintiff is not disabled. See 20 C.F.R., Pt. 404, Subpt. P, App. 2, Rule 202.16. It does not appear that plaintiff raised this argument in the district court, however, and it is therefore waived. See Crow, 40 F.3d at 324.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

-4-