**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DELOIS C. ANTWINE,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 98-5060
(D.C. No. 97-CV-41-J)
(N.D. Okla.)

ORDER AND JUDGMENT *

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant filed an application for disability insurance benefits on December 20, 1994, alleging disability since November 15, 1992, because of pain in her back, neck, right shoulder, and hips. Claimant's insured status expired on March 31, 1995, so in order to be entitled to benefits, she must have shown that she was disabled by that date. Her application was denied initially and upon reconsideration.

After a hearing, an administrative law judge (ALJ) found that claimant was not disabled. Pursuant to the sequential analysis, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (detailing five-step analysis), the ALJ found that claimant retained the residual functional capacity to perform light work, with certain limitations resulting from her physical condition and pain. The ALJ elicited testimony from a vocational expert and, based on that evidence, found that there were a significant number of jobs that claimant could perform, given her exertional and non-exertional limitations. The Appeals Council denied claimant's request for review, and, therefore, the ALJ's denial of benefits stands as the final decision of the Commissioner.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. Our task is to review the Commissioner's decision to see whether it is supported by substantial evidence and whether the correct legal standards were applied in reaching that decision. *See Kepler v. Chater*, 68 F.3d 387, 388 (10th Cir. 1995).

"Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion." *Id.* at 388-89.

On appeal, claimant argues that the ALJ did not properly evaluate her physical impairments and did not properly consider the vocational impact of her impairments in finding that she could perform a significant number of light work jobs. Claimant also argues that the hypothetical questions the ALJ posed to the expert did not accurately reflect her impairments, and, therefore, the ALJ's finding that there were a significant number of jobs claimant was able to perform was error. Into both of these arguments on appeal, claimant incorporates the contention that the ALJ improperly discounted treating physician opinions in favor of the consulting physician's opinion. We will not consider this facet of claimant's argument because the issue was not presented to the district court. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994).

After thorough review of the record, we hold that it contains substantial evidence to support the Commissioner's finding that claimant is not entitled to benefits and that the correct legal standards were applied in reaching the decision.

We affirm the Commissioner's decision for substantially the reasons stated in the district court's order of February 6, 1998. [1]

AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge

---

[1]    The parties consented to proceed before a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).