**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SARAH A. DIXON,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-5167
(D.C. No. 97-CV-343-J)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Sarah Dixon appeals the decision of the Commissioner of the Social Security Administration, made through an Administrative Law Judge (ALJ), to deny her claim for disability insurance benefits. The ALJ determined at step four of the sequential evaluation process that claimant retained the residual functional capacity to perform her past relevant work. On appeal, we review the record to determine whether the decision of the ALJ is supported by substantial evidence and to verify that the law was correctly applied. See Kepler v. Chater, 68 F.3d 387, 388 (10th Cir. 1995). Applying this standard, we affirm.

Claimant, who has a long history of diabetes mellitus, alleged she is disabled due to pain in her hips, knees, feet, shoulders and hands and persistent headaches. On appeal, claimant argues that the ALJ failed to enumerate specific findings to support the three phase evaluation required in step four cases under Winfrey v. Chater, 92 F.3d 1017, 1023-25 (10th Cir. 1996). We disagree.

In the first phase of the Winfrey analysis, the ALJ must evaluate a claimant's residual functional capacity. After considering claimant's testimony, including all of her claimed impairments, the evidence regarding her daily activities, and the fact that none of claimant's treating physicians had placed any functional limitations on her activities, the ALJ concluded that claimant could do light work limited by only occasional bending and the need to occasionally

change positions. This analysis fulfilled the ALJ's duty under step one of Winfrey.

Continuing with the Winfrey requirements, the ALJ noted that claimant's past relevant work was as an enumerator for a telephone survey company, described by her as calling people for eight hours each day to verify telephone information. The record also contains a work report submitted by claimant in which she more fully described the physical activities involved in her past relevant work. See Appellant's App. Vol. II at 103-04. Additionally, the ALJ specifically cited the testimony of the vocational expert who testified at the hearing as to the nature of claimant's past relevant work. See id. at 52-53. This evidence was sufficient to determine the physical and mental demands of claimant's past work and to satisfy the ALJ's obligation under Winfrey to enumerate specific findings.[1]

The last Winfrey requirement demands that the ALJ decide whether the claimant has the ability to meet the job demands of her past relevant work, determined in phase two, despite the limitations identified during phase one. The ALJ clearly performed this step by turning again to testimony from a vocational

---

[1] Claimant's argument regarding whether she earned enough money as a telephone enumerator for that job to qualify as past relevant work was not raised before the district court and will not be considered by this court on appeal. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

expert who testified that, even with her residual functional capacity for light work limited by bending and position change requirements, claimant could perform her past relevant work. See Appellant's App., Vol. II at 52-53. Thus the ALJ adequately complied with the Winfrey requirements in determining that claimant could perform her past relevant work.

Claimant next asserts that the ALJ failed to consider her limited mobility and pain. There is no evidence in the record, however, of any objective medical findings establishing that claimant has mobility problems. Indeed, the consultative examiner's report included the following:

> No gross joint deformity noted that I can see. She has pain with gripping with the right hand. She has none with the left hand. She has some right shoulder pain with movement but she pretty much has a full range of motion that I can tell. No gross orthopedic deformity noted to the feet. There is no redness to any joints. There is minimal, if any, swelling or heat to any joints. There is tenderness to the right hand and most of the finger, metacarpophalangeal joints, shoulder and hip joints. Gross and fine manipulative strength is five and she can write her name without difficulty. With respect to gait, she has normal speed, ability and safety. Toe walking is a little bit of a problem for her. The patient is able to heel walk. She does not need a crutch or a cane to walk.

Id. at 205. There is no evidence that any physician ever diagnosed claimant with anything but mild arthritis, which could possibly contribute to pain and/or mobility problems, or ordered any arthritis diagnostic tests performed. Claimant takes only Anacin for her pain. Claimant's subjective complaints regarding

limited mobility and pain may be disregarded if unsupported by clinical findings. See Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987).

Claimant argues that the ALJ improperly made his own RFC findings instead of procuring such an opinion from a physician. Initially we note that the record contains an RFC completed by Dr. Luther Woodcock on March 2, 1994, and later adopted as written by Dr. Thurma Jo Feigle on August 2, 1994, which amply supports the ALJ's finding that claimant can do light work with certain limitations. Additionally, the RFC is an administrative assessment made on the basis of all of the evidence in the record, not only the medical evidence, and, as such, is the well within the province of the ALJ. See Soc. Sec. Rul. 96-8p (explaining that RFC is an administrative assessment made by "adjudicators at each level of the administrative review process based on all of the relevant evidence in the case record, including information about the individual's symptoms and any medical source statements") (quotation omitted).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge