**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN DAVID GILCHRIST, JR.;
SOUTH DAVIS COMMUNITY
HOSPITAL, a Utah Non-Profit
Corporation,

          Plaintiff-Appellant,

v.

NATIONAL ASSOCIATION OF
LETTER CARRIERS; UNITED
STATES OFFICE OF PERSONNEL
MANAGEMENT,

          Defendants-Appellees.

No. 99-4056
(D.C. No. 96-CV-130)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **EBEL**, **LUCERO**, and **MURPHY**, Circuit Judges.

Plaintiffs John David Gilchrist, Jr. and South Davis Community Hospital,

Inc. (SDCH) appeal the district court's decision (1) affirming the denial of

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

insurance coverage for room and board expenses incurred at SDCH for the care of Gilchrist's daughter, Rebekah, during 1993 and 1994, and (2) dismissing the claims for room and board for the years 1995 and 1996 because they were incurred under a negotiated agreement and therefore not subject to review by the Office of Personnel Management (OPM). [1] Because SDCH was not a covered facility as defined in the insurance policy, we affirm.

As a federal employee, plaintiff Gilchrist and his dependents were insured under the National Association of Letter Carriers Health Benefit Plan (NALC Plan) at all times relevant to this case. Gilchrist's daughter, Rebekah, was born in May 1987 with severe chronic health problems, resulting in her death on August 23, 1996. During most of the period between September 14, 1993, and August 21, 1996, Rebekah was cared for at SDCH.

Gilchrist submitted claims to the NALC Plan for his daughter's care during 1993 and 1994. Although the NALC Plan paid approximately $600.00 per day for Rebekah's care during this period, it denied coverage for her room and board except for the period between March 25 and April 26, 1994. The NALC Plan's primary reason for denying coverage was that SDCH was a skilled nursing facility

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

and therefore not covered under the Plan.     See A.R. at 147, 151, 153, 155, 157, 169-70.[2] The period between March 25 and April 26, 1994 was covered because it followed a hospital stay at a different facility.

Gilchrist requested reconsideration pursuant to the Plan.  On April 13, 1994, the NALC Plan confirmed that coverage for room and board expenses was not available for the period between September 14, 1993 and February 28, 1994, on the ground that hospitalization was not medically necessary.  Gilchrist appealed this denial to the OPM.  In response to an inquiry by the OPM, the NALC Plan returned to its original rationale that SDCH was not a covered facility under the Plan.  The federal agency affirmed NALC's ultimate decision to deny benefits on the ground that SDCH did not meet the Plan's definition of a covered facility.

Plaintiffs Gilchrist and SDCH brought an action to review the OPM's decision pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701-06.  The district court affirmed the OPM's decision to deny coverage for 1993 and 1994, finding (1) the decision that SDCH was a skilled nursing facility and not a hospital was not arbitrary or capricious, and (2) the claims for room and board for 1995 and 1996 were not properly before the court because the claimed expenses

_____

[2]     Coverage for the month of October 1993 was denied on the grounds that custodial care was not covered by the Plan.     See A.R. at 149.

-3-

were incurred pursuant to a "large case management/flexible services option" which was not reviewable under the Plan. This appeal followed.

We examine a final agency decision only to determine whether it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). Under this standard, "[o]ur review is narrow and deferential; we must uphold the agency's action if it has articulated a rational basis for the decision and has considered relevant factors." Mountain Side Mobile Estates Partnership v. Secretary of Housing & Urban Dev., 56 F.3d 1243, 1250 (10th Cir. 1995) (quotation omitted). An agency's decision is arbitrary and capricious if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Colorado Envtl. Coalition v. Dombeck, 185 F.3d 1162, 1167 (10th Cir. 1999) (quotation omitted).

In this case, we must determine whether the OPM's final decision that SDCH is not a hospital as defined by the NALC Plan is arbitrary, capricious, or contrary to law. During 1993, 1994, 1995, and 1996, the NALC Plan defined a "hospital," with minor variations, as follows:

> An institution which (1) is accredited as a hospital under the Hospital Accreditation Program of the Joint Commission on Accreditation of Healthcare Organizations; or (2) any other institution which is licensed as a hospital, under the supervision of a staff of doctors and

-4-

with 24 hour a day registered nursing service, and which is primarily engaged in providing general inpatient care and treatment of sick and injured persons through medical, diagnostic and major surgical facilities, all of which facilities must be provided on its premises or under its control.

A.R. at 6 (1993 Plan); see id. at 43 (1994 Plan); at 77 (1995 Plan); at 113 (1996 Plan). The 1994, 1995, and 1996 Plans also included within their coverages care in a "skilled nursing facility," defined as "[a] facility licensed or certified by the State or eligible for payment under Medicare that provides continuous non-custodial inpatient skilled nursing care by an organized medical staff for post-hospital patients." Id. at 43 (1994 Plan); at 77 (1995 Plan); at 113 (1996 Plan). Coverage for this type of facility was limited, however, to a maximum of thirty days, and only if admission into the facility immediately followed a hospital stay of at least three days. See id. at 60 (1994 Plan); at 88 (1995 Plan); at 124 (1996 Plan).

Plaintiffs argue that the OPM's decision was arbitrary and capricious because the care Rebekah received was "hospital care," as opposed to "custodial care." This, however, is not the issue. Plaintiffs' entitlement to room and board benefits under the NALC Plan turns strictly on whether SDCH met the Plan's definition of a "hospital." Based on the evidence before the agency, we conclude the OPM's decision that it did not was not arbitrary, capricious, or an abuse of discretion.

SDCH did not meet the first part of the Plan definition because the facility was not accredited "as a hospital" under the Hospital Accreditation Program of the Joint Commission on Accreditation of Healthcare Organizations. See A.R. at 587. Plaintiffs also have not shown that SDCH met the second part of the definition, specifically, that SDCH was "primarily engaged in providing general inpatient care . . . through medical, diagnostic and major surgical facilities . . . on its premises or under its control." A.R. at 6. Instead, the evidence supports the OPM's conclusion that SDCH was a long term care facility rendering specialized medical care to chronically ill patients. SDCH was accredited as a long term care facility; it was not listed as a hospital by the American Hospital Association; it was not licensed as a "general acute hospital" by the State of Utah; Rebekah's physicians and the respiratory care director characterized SDCH's care as "sub-acute," in contrast to the acute care provided at the Primary Children's Medical Center; SDCH's billing code characterized its facility as skilled nursing rather than a hospital; no physician was on premises at night; and SDCH did not have a laboratory, pharmacy, diagnostic x-ray, operating room, delivery room, recovery room, or electrocardiography equipment. The fact that Rebekah was transferred to the Primary Children's Medical Center whenever her condition deteriorated further supports the conclusion that SDCH was not a "hospital" as defined by the Plan. Because there is a rational basis for the OPM's decision, we

-6-

must uphold the denial of benefits in this case.  See Northwest Pipeline Corp. v. FERC, 61 F.3d 1479, 1486 (10th Cir. 1995).

Plaintiffs also argue that the district court erred in finding their claims for room and board expenses incurred in 1995 and 1996 unreviewable because Rebekah's care was negotiated pursuant to a large case management/flexible services option.  They note that this issue was not raised by the NALC Plan or the OPM as a reason for denying benefits or precluding OPM jurisdiction until the case was before the district court.  We need not decide whether the district court erred in making this determination as we conclude, for the reasons stated above, that Rebekah's 1995 and 1996 room and board expenses at SDCH were not covered under the Plan.  That is, because SDCH was not a covered facility as defined in the NALC Plan, the OPM did not abuse its discretion in denying plaintiffs' claims for this period. [3]

Finally, plaintiffs argue that the NALC Plan never contested SDCH's eligibility as a hospital in denying coverage, arguing that this was raised only by the OPM, and thus the agency's adjudication of its own rationale violated due process.  We note initially that this argument is factually incorrect, as set out

---

[3]    There is some question whether plaintiffs exhausted their remedies concerning the 1995 and 1996 benefits.  Because OPM's 1997 reconsideration included a review of supplemental documentation from 1995 and 1996, we conclude the agency's final decision covered these years as well.

above.  More importantly, because the issue was not raised to the district court, we will not consider it on appeal.    See Crow v. Shalala , 40 F.3d 323, 324 (10th Cir. 1994).

The judgment is AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge