**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRYON KARL CANADY,

      Plaintiff-Appellant,

v.

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS
CITY, KANSAS,

      Defendant-Appellee.

No. 02-3422

(D.C. No. 02-CV-2264-KHV)

(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge**, McKAY** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).   The case is

therefore ordered submitted without oral argument.

This is a *pro se* appeal of an action pursuant to 42 U.S.C. § 1983.

Appellant alleged an assault by three officers of the Kansas City, Kansas, Police

Department.  He alleged continuing medical problems as a result of the assault,

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and sought $500,000 in actual and $500,000 in punitive damages. The district court dismissed the action for failure to state a claim and Appellant appealed.

The district court explained that Defendant could not be liable for the acts of its employees and agents under § 1983 on a theory of vicarious liability or respondeat superior. The court explained that the municipality could only be held liable if an official custom or policy caused a violation of Appellant's constitutional rights. Concluding that the complaint did not suggest any link between a violation of Mr. Canady's constitutional rights and a policy or custom of the municipality, the court sustained Defendant's motion to dismiss.

We have reviewed the record and the briefs, and we agree with the district court that Appellant did not allege that the officers were acting pursuant to any official policy or custom of the municipality. In his brief on appeal, Mr. Canady claims that he is alleging liability based on the municipality's failure to adequately train or supervise the officers. It does not appear that Appellant raised this argument in the district court. We do not typically consider arguments raised for the first time on appeal, except in very limited circumstances. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994) ("Absent compelling reasons, we do not consider arguments that were not presented to the district court.").

In any case, Mr. Canady's conclusory allegations of inadequate training and supervision are insufficient to survive summary judgment. As we have stated

before, in order to state a claim for liability of a municipality based on inadequate training, a plaintiff must establish that

> (1) the officers exceeded constitutional limitations on the use of force; (2) the use of force arose under circumstances that constitute a usual and recurring situation with which police officers must deal; (3) the inadequate training demonstrates a deliberate indifference on the part of the city toward persons with whom the police officers come into contact, and (4) there is a direct causal link between the constitutional deprivation and the inadequate training.

Brown v. Gray, 227 F.3d 1278, 1286 (10th Cir. 2000); see also Allen v. Muskogee, Okla., 119 F.3d 837, 841-42 (10th Cir. 1997). Appellant has done nothing more than make a conclusory allegation that "these officers did not have the proper training or supervision, if they did they would have acted in Gross negligence." Aplt. Br. at 4. Because Appellant has failed to allege facts that the Unified Government of Wyandotte County acted with deliberate indifference and that the officers' actions were directly caused by an inadequacy in training or supervision by the municipality, we affirm the district court's order dismissing this action.

**AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-