F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUL 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DEBBIE KESTER,

Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

Defendant-Appellee.

No. 02-7140
(D.C. No. 02-CV-61-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **ANDERSON** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Debbie K. Kester appeals the denial of her 1999 application for Social Security disability insurance benefits, alleging disability effective December 31, 1997. After the application was denied administratively and upon reconsideration, claimant requested a hearing before an administrative law judge (ALJ). The ALJ ultimately concluded that claimant was not disabled under the Social Security Act. Claimant brought suit in federal court and the district court affirmed the agency's denial of benefits.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Our review, however, is limited to evaluating whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). We will not reweigh the evidence. *Id.*

On appeal, claimant brings a number of arguments under the headings of two issues presented to the district court: 1) the ALJ failed to give controlling weight to the opinion of claimant's treating physician, and 2) the ALJ selectively abstracted evidence from the record to support his decision. However, a comparison of the arguments made to the district court and those posited on appeal indicates that many of the arguments claimant presents to this court are made for the first time on appeal. Absent unusual circumstances not present here,

this court will not consider arguments not raised before the district court. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994).

The only arguments preserved for appellate review are claimant's challenges to the ALJ's rejection of the opinions of her treating physician and a consulting physician as to her physical limitations. The ALJ discounted the treating physician's opinion of claimant's physical limitations because that opinion was not supported with medical evidence in the record. He rejected part of the consulting physician's opinion because it was unexplained. Claimant's main argument is that the record supports her treating physician's diagnosis of fibromyalgia. But the ALJ accepted that diagnosis. *See* R., Vol. I at 20, 24. Claimant further argues, without record citations, that her treating physician relied on her "history, physical examinations and supporting laboratory data" to reach his conclusions about her physical limitations. Aplt. Br. at 26. She summarily argues that the medical evidence is not contrary to the treating physician's opinion, and that the consulting physician's opinion is clear.

These arguments lack merit. An ALJ may reject a treating physician's opinion if the conclusions therein are not supported with specific findings. *Castellano*, 26 F.3d at 1029. Although the form used by both claimant's treating and consulting physicians asked for a specific explanation and references to medical evidence which would support the opined limitations, neither physician

-3-

provided this information. Further, our independent review of the record indicates no medical evidence which would support the limitations rejected by the ALJ. We conclude that the ALJ applied the correct legal standards and claimant has not demonstrated that any of his findings lack support in the record as a whole. The district court's judgment is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge