**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KATHY M. LONG,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-5111
(D.C. No. 95-CV-835-W)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for John J. Callahan, former Acting Commissioner of Social Security, as the defendant in this action.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court order affirming the denial of plaintiff's application for supplemental security income benefits.  In what became the final decision of the Commissioner, the administrative law judge (ALJ) found that plaintiff's heart condition, back pain, and ankle problems prevented her from performing her past relevant work.  The ALJ further concluded, however, that plaintiff could perform other work that exists in significant numbers in the national economy, despite her impairments.

Plaintiff raises two principle challenges on appeal:  (1) the ALJ did not properly evaluate plaintiff's physical impairments and their impact on her ability to do work; and (2) the hypothetical question the ALJ propounded to the vocational expert (VE) at the hearing did not accurately reflect plaintiff's impairments.  We review the Commissioner's decision to determine whether the correct legal standards were applied and whether his "factual findings are supported by substantial evidence in the record viewed as a whole."  Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).  "If supported by substantial evidence, the [Commissioner's] findings are conclusive and must be affirmed."  Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 741 (10th Cir. 1993).  "In evaluating the appeal,

we neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

As a preliminary matter, we note that some of the arguments plaintiff makes in support of her first challenge were not urged in the district court. Specifically, the arguments that plaintiff advances on appeal in support of her contention that the ALJ erred in assessing the credibility of her subjective allegations of pain and other limitations are different than those she advanced in the district court in support of this proposition. "Absent compelling reasons, we do not consider arguments that were not presented to the district court." Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). The record before us presents no compelling reasons to consider plaintiff's new arguments. Therefore, in examining whether the ALJ properly evaluated plaintiff's physical impairments and their impact on her ability to do work, we will not consider the propriety of the ALJ's credibility assessment; we will consider only whether the ALJ improperly gave more weight to the opinion of Dr. Sutton, a consulting physician, than he gave to the opinion of Dr. Ferguson, plaintiff's treating physician, and whether the record supports the ALJ's finding that plaintiff can sit for four hours at a time, up to eight hours per day. We turn to the first of plaintiff's arguments.

Generally, the report of a physician who has treated a patient should be given greater weight than that of a physician who has not treated the patient. See Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983). Here, the ALJ concluded that Dr. Sutton's March 1994 report was actually more favorable to plaintiff than was Dr. Ferguson's June 1992 report, because "Dr. Sutton's assessed limitations are more restrictive tha[n] the limitations of Dr. Ferguson," Appellant's App., Vol. II at 29, and Dr. Sutton's report took into account limitations arising from the broken ankle plaintiff suffered in 1993, after Dr. Ferguson's examination.

Indeed, Dr. Ferguson merely stated that plaintiff's ability to sit, stand, move about, lift, carry, and handle objects was "impaired significantly," id. at 144, without otherwise quantifying her limitations. As plaintiff's former counsel acknowledged at the hearing before the ALJ, what Dr. Ferguson considered a "significant" limitation is uncertain and cannot be quantified in any meaningful way. See id. at 246. Dr. Sutton, by contrast, made an assessment of plaintiff's residual functional capacity (RFC) that specifically quantified her ability to do various work-related activities, such as sit, stand, walk, lift, and carry. He found, for instance, that plaintiff could sit for only four hours at one time, for a total of eight hours in an eight-hour day; that she could stand for only one hour at a time, for a total of three to four hours in a day; and that she could

walk for only thirty minutes at a time, for a total of one to two hours in a day. See id. at 185, 191.

Based upon our review of the record, we conclude that the ALJ did not err in using Dr. Sutton's specific limitations as the basis for his own assessment of plaintiff's RFC, rather than Dr. Ferguson's ambiguous and, arguably, less restrictive assessment of plaintiff's ability to work. Dr. Sutton's limitations are supported by his own examination of plaintiff and by other evidence in the record.

Having determined that the ALJ did not err in relying on Dr. Sutton's assessment of plaintiff's RFC, we necessarily reject plaintiff's second argument, that the record does not contain support for the ALJ's finding that plaintiff can sit for four hours at a time, for a total of eight hours per day.

We turn, then, to plaintiff's final challenge to the ALJ's decision. Plaintiff argues that the ALJ did not propound a proper hypothetical question to the VE and, therefore, that the VE's response to the question does not constitute substantial evidence upon which to base a finding of no disability. A proper hypothetical question need include only the impairments that the ALJ permissibly finds are established by the evidence. See Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). The ALJ based his hypothetical question on the limitations set forth in Dr. Sutton's report. Because we have already upheld the ALJ's

determination that Dr. Sutton's report accurately reflects plaintiff's limitations, the ALJ did not err in basing his hypothetical question on those limitations.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge