F I L E D
United States Court of Appeals
Tenth Circuit

JUN 24 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

HARRY D. FLOYD,

Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

Defendant-Appellee.

No. 98-5153
(D.C. No. 97-CV-321-M)
(N.D. Okla.)

ORDER AND JUDGMENT  *

Before **ANDERSON**  and **KELLY** , Circuit Judges, and   **BROWN** ,** Senior
District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**      Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

argument.  <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Harry D. Floyd appeals from an order of the district court affirming the Commissioner's determination that he is not entitled to Social Security benefits.  We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards.  <u>See</u> <u>Castellano v. Secretary of Health & Human Servs.</u>, 26 F.3d 1027, 1028 (10th Cir. 1994).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Id.</u> (quotations omitted).  In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency."  <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991).

Mr. Floyd alleged disability as of March 1994 due to back problems resulting from lumbar sprain and spina bifida, a congenital condition; heart problems; mental impairments; rib pain; and carpal tunnel syndrome.      The administrative law judge (ALJ) determined that Mr. Floyd was not disabled at step five of the five-step sequential process, <u>see</u> <u>Williams v. Bowen</u>, 844 F.2d 748, 750-52 (10th Cir. 1988), as he could perform sedentary work.

On appeal, Mr. Floyd contends the ALJ's hypothetical to the vocational expert was too limited and he failed to discuss the evidence he considered in reaching the conclusions noted on the psychiatric review technique form. He also argues that the ALJ, at step three, failed to discuss the evidence he considered in determining that Mr. Floyd was not disabled as to his mental impairment. [1] In his reply brief, Mr. Floyd specifically states that he has abandoned any issues involving his "pain and limited mobility" as his argument on appeal specifically concerns his mental impairments. Reply Br. at 3.

The record shows that Mr. Floyd's treating physician has twice opined that Mr. Floyd is totally disabled. See App. Vol. II at 309, 388. However, this opinion was based in part on Mr. Floyd's physical condition and in part on his depression. Mr. Floyd does not contest the ALJ's determination that his pain and restricted mobility limited him to sedentary work. The ALJ properly rejected Dr. Collins' opinion that Mr. Floyd was totally disabled. Dr. Collins' opinion is not "well–supported by medically acceptable clinical . . . diagnostic techniques and is . . . inconsistent with the other substantial evidence in" the record. 20 C.F.R. § 404.1527(d)(2); see also Castellano, 26 F.3d at 1029. Thus, it was not entitled to controlling weight.

---

[1] This argument was not raised to the district court and will not be discussed here. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

Dr. Collins' medical notes show that he thought Mr. Floyd's depression was improving. Further, Mr. Floyd was seen at a mental health clinic where no one was of the opinion that Mr. Floyd was unable to work. Indeed, referral to vocational rehabilitation was recommended should Mr. Floyd wish to explore new career opportunities. See App. Vol. II at 327. A specialist's opinion is entitled to more weight than that of a nonspecialist. See 20 C.F.R. § 404.1527(d)(5).

We see no reversible error in the ALJ's completion of the psychiatric review technique form. In his opinion, the ALJ discussed the evidence in the record concerning Mr. Floyd's mental impairment. This discussion related directly to the mental health clinic's evaluation and treatment record thus complying with our directives in Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994).

Due to the fact that we have held that the ALJ's determination of the severity of Mr. Floyd's mental impairment is supported by the record, the hypothetical presented to the vocational expert met the applicable standard. See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995) (ALJ's hypothetical questions to vocational expert "must include all (and only) those impairments borne out by the evidentiary record").

As the ALJ properly rejected Dr. Collins' opinion, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge