**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 2 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROY GENE CHRISTIAN,

       Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

       Defendant-Appellee.

No. 98-6367
(D.C. No. CIV-97-661-T)
(W.D. Okla.)

ORDER AND JUDGMENT [*]

Before **ANDERSON** and **KELLY** , Circuit Judges, and **BROWN** ,[**] Senior
District Judge.

     After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Claimant Roy Gene Christian appeals from     the district court's order affirming the decision of the Commissioner of Social Security.  In that decision, the Commissioner denied claimant's applications for disability insurance benefits and supplemental security income benefits made under Titles II and XVI of the Social Security Act.  See 42 U.S.C. §§ 423 & 1382.  We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and affirm.

Claimant asserts that he is disabled because of coronary artery disease that required angioplasty after a myocardial infarction.  Three issues are presented for review:  whether the Commissioner's finding that claimant's heart condition does not meet or equal a listed impairment is based on substantial evidence; whether the administrative law judge (ALJ) erred in determining that claimant maintains a residual functioning capacity (RFC) to perform light work because the ALJ allegedly failed to consider claimant's impairments in combination; and whether the ALJ's assessment of claimant's RFC was erroneous because the ALJ allegedly failed to present the vocational expert with a hypothetical question that precisely described claimant's true limitations.  Our review is limited to determining whether the ALJ's decision is supported by substantial evidence on the whole

record and comports with relevant legal standards. *See Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991).

Claims for disability benefits are evaluated according to the five-step sequential process set out in 20 C.F.R. § 404.1520. *See Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). At step three of the sequential evaluation, the ALJ determines whether the claimant's impairment "is equivalent to one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.* at 751 (quotation omitted). If the claimant's impairment is not equivalent to a listing, at step four the claimant must show that his impairment prevents him from performing work he has performed in the past. *See id.* If he is successful at this step, then at step five, the burden of proof shifts to the Commissioner to show that the claimant has the RFC to perform other work in the national economy. *See id.*

It is claimant's burden of proving that his impairment is equivalent to a listing. *See id.* Claimant concedes that his cardiovascular impairment does not meet the listing for ischemic heart disease requiring at least a 50% narrowing of a nonbypassed coronary artery. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, listing 4.04(C). Nevertheless, because he has several residual stenoses that range from 10-30%, he argues that the ALJ erred in not concluding that his impairment resulting from the combination of those stenoses is "medically equivalent" to the

listing. We disagree. "A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990). The ALJ properly concluded that claimant's impairment did not meet the listing. Claimant contends that a medical expert should have been called to review the file and determine whether the claimant met the listing. In light of the clear medical evidence showing that claimant did not meet the stenosis requirements of the listing, we find no error in failing to call a medical expert to testify at the hearing.

Next, claimant argues that the ALJ failed to consider evidence and, without explanation, omitted from his RFC assessment medically documented evidence of chest pains, dizziness, shortness of breath, and fatigue residuals from the myocardial infarction and claimant's illiteracy. He also asserts that, in light of these nonexertional impairments, the ALJ erred by applying the Medical-Vocational Guidelines (the "grids") to meet his step-five burden of proof. *See Williams*, 844 F.2d at 752 (stating that "the grids cannot be applied conclusively if a claimant has nonexertional limitations that significantly limit his ability to perform the full range of work in a particular RFC category on a sustained basis") (quotation omitted).

The medical record shows that claimant's treating physician determined that claimant could perform light and sedentary work. Appellant's App. Vol II at 189. The ALJ fully considered claimant's testimony and statements concerning disabling impairments and pain. He found claimant's complaints not to be credible based on the lack of corroboration in the medical record of reports of significant symptoms of pain, the absence of laboratory reports to support disabling pain, the fact that claimant had not sought or received recent treatment for his subjective complaints, and on claimant's treating cardiologist's statement that he doubted that claimant's complaint of chest pain was caused by his heart condition. *See id.* at 13-16 & 169. Claimant has not challenged the ALJ's credibility conclusions. Claimant having failed to establish nonexertional limitations that significantly limited his ability to work, the ALJ properly applied the grids. There is substantial evidence in the medical record to support the ALJ's finding that claimant has the RFC to perform light work.

Finally, claimant asserts that the ALJ failed to pose a hypothetical question to the vocational expert witness that accurately reflected claimant's illiteracy, fatigue, chest pain, and "limited mobility." The record reflects that claimant completed eight years of education and is able to read the newspaper and write letters. *See* Appellant's App. Vol. II at 36. The vocational expert took into account claimant's limited education. *See id.* at 56. Thus, claimant's argument in

regard to the limitation of illiteracy is without merit. Because the ALJ found that claimant's complaints of disabling fatigue, chest pain, and dizziness were not credible, he did not err in not including those factors in his hypothetical question. *Cf. Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993). We have fully examined the record and find no reference to allegations of "limited mobility" anywhere but in claimant's appellate brief. We will not address on appeal issues that have not been raised and preserved elsewhere. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994).

The judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED**.

Entered for the Court

Stephen H. Anderson
Circuit Judge