**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Efren AVILA–REYES, also known as Manuel Perez–Hernandez, also known as Miguel Lara–Lara, also known as Manuel Reyes–Aguilar, also known as Pedro Martinez–Rosales, Defendant–Appellant.**

No. 01–2319.

United States Court of Appeals, Tenth Circuit.

June 18, 2002.

Before TACHA, Chief Judge, EBEL, and LUCERO, Circuit Judges.

---

ORDER AND JUDGMENT *

LUCERO, Circuit Judge.

Efren Avila–Reyes, who pled guilty in federal district court to reentering the United States as a deported alien in violation of 8 U.S.C. § 1326(a)(1), (a)(2), and (b)(2), appeals the district court's decision to sentence him to eighty-five months in prison and thirty-six months of supervised release. He claims that the district court abused its discretion in failing to entertain his untimely objections to his Presentence Investigation Report ("PSR") and that the court committed reversible plain error in its determination of his criminal history category under the United States Sentencing Guidelines. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm.

I

On February 8, 2001, Avila–Reyes was arrested by border patrol agents near Columbus, New Mexico. He admitted that he was a citizen of Mexico and that he was illegally in the United States looking for work to provide financial support for his family. He had been convicted of burglary in state court in 1987, of robbery in state court in 1988,[1] and of illegal reentry of a deported alien in federal court in 1993. He had been deported from the United States in 1994.

Avila–Reyes was indicted on one count of reentry of a deported alien previously convicted of an aggravated felony, 8 U.S.C. § 1326(a)(1), (a)(2), (b)(2), and pled guilty to the charge without the benefit of a plea agreement. A United States probation officer prepared a PSR, a copy of which was received by Avila–Reyes on August 17, 2001. Counsel for Avila–Reyes filed objections to the PSR, along with a motion for downward departure, on September 21, 2001, claiming (1) that the PSR incorrectly noted that Avila–Reyes had pled guilty pursuant to a plea agreement, (2) that the PSR miscalculated his criminal history category by failing to treat his robbery and burglary convictions as related cases, and (3) that the PSR should have recommended a downward departure because his criminal history category overstated his criminal past.

At Avila–Reyes' sentencing hearing, the district court denied his objections to the PSR and his motion for a downward departure on the basis that they were not

---

* The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. The PSR lists three different dates for this robbery conviction—September 14, 1988 (2 R. at 3); November 7, 1988 (2 R. at 4); and July 7, 1988 (2 R. at 5)—but provides no explanation for the inconsistency.

timely filed under Rule 32 of the Federal Rules of Criminal Procedure.

## II

We review de novo the district court's interpretation of the Federal Rules of Criminal Procedure. *United States v. Roman–Zarate,* 115 F.3d 778, 781 (10th Cir. 1997). We review the trial court's application of the sentencing guidelines de novo and its underlying findings of fact for clear error. *United States v. Nichols,* 229 F.3d 975, 978 (10th Cir.2000).

## A

Rule 32(b) of the Federal Rules of Criminal Procedure provides defendants, the government, and the court with an orderly procedure for expeditiously resolving the legal and factual disputes that occasionally arise from the preparation of a PSR by a probation officer. Pursuant to the Rule, the probation officer must ordinarily furnish a PSR to both the defendant and the government "[n]ot less than 35 days before the sentencing hearing." Fed. R.Crim.P. 32(b)(6)(A). Either the government or the defendant may object to "any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the presentence report," but such objections must be made "[w]ithin 14 days after receiving the presentence report." Fed.R.Crim.P. 32(b)(6)(B). The probation officer, in turn, must submit his revised PSR, along with "an addendum setting forth any unresolved objections, the grounds for these objections, and the probation officer's comments on the objections," to the court, the government, and the defendant "[n]ot later than 7 days before the sentencing hearing." Fed. R.Crim.P. 32(b)(6)(C). Finally, the court has discretion, "[f]or good cause shown," to allow new objections to be raised "at any

time before imposing sentence." Fed. R.Crim.P. 32(b)(6)(D).

The United States District Court for the District of New Mexico, in order to "ensure uniformity, integrity and fairness in the sentencing process in criminal proceedings in the District of New Mexico," issued an order in November of 1994 establishing guideline sentencing procedures. D.N.M. General Order Misc. No. 88–238, at 1 ("General Order"). Substantively, the General Order is little more than a restatement of Rule 32(b) and sets forth no requirements that are irreconcilable with the Rule. *See, e.g.,* General Order at 2, para. 5 (stating, as per Rule 32(b)(6)(C), that the probation officer must submit the revised PSR to the sentencing judge no later than seven days before the sentencing hearing, but further requiring that the probation officer "certify that the contents of the report, including any revisions thereof, have been disclosed to the defendant and to counsel for the defendant and the government").

Rosanne Camunez, counsel for Avila–Reyes, received the PSR from the probation officer on August 17, 2001, but did not file her objections to the report until September 21, 2001, thirty-five days later. Although the probation officer addressed the objections in a revised PSR, the district court denied the objections "on the basis that they were not timely filed." (3 R. at 6.) In doing so, the court noted that it had personally mailed letters to all counsel indicating that it intended to adhere strictly to Rule 32 and that it had received no indication from Avila–Reyes' counsel about why the Rule had not been followed in the instant case. (3 R. at 5–6.) Counsel acknowledged receipt of the district court's letter (3 R. at 6) but explained that "my reason for filing that is, although my office did receive the PSR on August 17th, I have been out of state, actually, from ap-

proximately ... either the 18th and 19th until the 30th of August, so I didn't have an opportunity to review this until the 1st of September" (3 R. at 8). The court chided counsel and told her, "If you've got a legitimate reason or a reason that you think that's proper for a continuance or late filing, you put them in there. . . . I just got a straight objection and a motion for downward departure. I've ruled on it. I don't need any further discussion on it, and we're through with that." (3 R. at 8–9.)

The court then shifted topics and began discussing the sentencing guideline provisions that it found applicable to Avila–Reyes' case. Counsel interjected, however, and the following exchange took place:

MS. CAMUNEZ [Counsel]: Your Honor, before we go on to that, can I inquire as to in regards to the Court's current denial and reasons, I note on the face page of the Presentence Report that there—and I am assuming this is just an informal rule—I don't know if it is or not, but that's what I'm asking. It specifically states that (reading) Formal objections to the report shall be filed not less than seven days prior to the sentencing hearing.

THE COURT: I think the Rule gives you 14 days.

MS. CAMUNEZ: I am not denying that.

THE COURT: 14 days after receipt of Presentence Report.

MS. CAMUNEZ: But I guess what I'm saying is that the filing of the objections fell within the seven days, as required. And this may be an informal rule, I'm not sure, but on the face cover sheet of the Presentence Report, the fourth Paragraph states that (reading) Formal objections to the report shall be filed not less than seven days. And my point is that—

THE COURT: I don't have that on the cover of mine, Counsel. I don't know.

MS. CAMUNEZ: We get these on the covers of all of ours. And that's what I'm referring to, and I do fall within that seven days.

THE COURT: Well, I don't care what the report says. I am going by the statute and by the Rule, and I specifically wrote a letter in regards to that, that the Rule was going to be adhered to. So that sounds to me like that's an afterthought on your part; after looking at that, that that's what you're coming up with, Counsel. I think we'd better leave it alone right where it is.

Are you telling me that that was what you went on, was on that seven days?

MS. CAMUNEZ: That's—certainly, I am telling you that I am familiar with this face page because it comes on every report that I get.

THE COURT: Let me see what you've got.

MS. CAMUNEZ: (Complying.)

THE COURT: Well, I've never seen this. Nobody's ever even bothered to show that to me. And that may be an explanation as to what you're saying, but I've already ruled on your objection. And I'm just saying I want Rule 32—and I would suggest that the Probation service, if that's the letter they're putting out, they take a look at the Rule and the statute and follow that, rather than giving out information—and I could be wrong, but I don't think you looked at that statute or that Rule. Let's proceed on.

(3 R. at 9–11.)

The cover sheet to which Avila–Reyes' counsel alluded is a document printed in memorandum form and entitled, "District of New Mexico Presentence Investigation

Disclosure Policy Pursuant to District of New Mexico General Order Misc. No. 88–238" ("Cover Sheet"). (Appellee's Br. Attach. C.) The Cover Sheet appears to be an attempt to summarize Rule 32 and the New Mexico federal district court's General Order in a convenient, one-page format. If this was the intent, however, the inartful document is both misleading and flawed. For instance, although the Cover Sheet correctly notes that the probation officer must make available a PSR to the government and defense counsel not less than thirty-five days prior to the date for the sentencing hearing, the memo then inexactly states that "[n]ot less than *twenty-one days (21)* days prior to the date set for the sentencing hearing," counsel for both sides must deliver their objections to the probation officer. (*Id.*) Rule 32, however, requires the delivery of objections "[w]ithin 14 days after receiving the presentence report," regardless of the date of the sentencing hearing. Fed.R.Crim.P. 32(b)(6)(B). Thus, objections to a PSR that is delivered "early" to counsel by a week (as in the present case) will still need to be lodged, pursuant to Rule 32(b)(6)(B), within fourteen days of the PSR's receipt—even though that means the due date for the objections would be twenty-eight days before the sentencing hearing. If counsel in such a situation were to file her objections twenty-five days before the sentencing hearing, the objections would be untimely under Rule 32, although apparently timely under the Cover Sheet's articulation of the rule.

The Cover Sheet also states—in a paragraph headed "Formal Objections to Report"—that "[n]ot less than *seven (7) days* prior to the sentencing hearing, counsel for the defendant and the government shall each file with the Court and personally serve on each other and the probation officer ... a concise memorandum of all objections and facts in dispute to be re-solved by the Court." (Appellee's Br. Attach. C.) This requirement is not, however, set forth in either Rule 32 or the General Order. Rather, both the Rule and the General Order mandate only that the *probation officer* must submit the PSR to the sentencing judge no later than seven days before the hearing. *See* Fed. R.Crim.P. 32(b)(6)(C); General Order at 2, para. 5. To the degree the authors of the Cover Sheet have attempted to accurately summarize Rule 32 and the General Order, they have failed. Simply put, there is no requirement in either Rule 32 or the General Order that objections to a PSR be filed directly with the sentencing court. We therefore echo the sentiments of the district court and suggest that Probation Services reread Rule 32 and consider revising the cover sheet that accompanies their presentence investigation reports.

■ We now address Avila–Reyes' contention that his objections to the PSR were timely because, although not filed in compliance with Rule 32, "they were filed in compliance with General Order Miscellaneous No. 88–238 and the seven (7) day time limit imposed by such order." (Appellant's Br. at 7.) This argument must be rejected. First, Avila–Reyes' argument presupposes that the seven-day time limit set out in the Cover Sheet was authorized by the New Mexico federal district court in its General Order. As we have already noted, this is simply not the case. Like Rule 32, the General Order sets forth no requirement for the filing of formal objections with the sentencing court *at all.* Avila–Reyes cannot therefore rely on the General Order as authority for his understanding of the timing requirements.

■ Even if we were to accept his argument that the "formal objections" rule articulated on the Cover Sheet was binding on the parties and that pursuant to this

rule his lawyer successfully filed his formal objections with the court no later than seven days before the sentencing hearing, we note that Avila–Reyes nonetheless failed to comply with the dictates of Rule 32, the General Order, *and* the Cover Sheet with respect to the provision of objections to the probation officer. As noted above, Rule 32 and the General Order require that objections be forwarded to the probation officer within fourteen days of defense counsel's receipt of the PSR, and the Cover Sheet requires that objections be lodged with the probation officer no less than twenty-one days prior to the sentencing hearing. Although it is true that the timing requirement of the Cover Sheet is in this respect not reconcilable with the timing requirement of Rule 32 and the General Order in a situation like the present one—where the PSR was filed a week "early"—this irreconcilability is of no help to Avila–Reyes because he failed to present his objections to the probation officer in a timely manner under *either* articulation of the Rule. Had Avila–Reyes objected to the PSR on September 3, for instance, he might have had a compelling argument that, even though he filed outside of the fourteen-day limit enunciated in Rule 32(b)(6)(B) and the General Order, his objections were still timely under the Cover Sheet's "not less than twenty-one days prior to sentencing" time limit. Because his objections were not filed until September 21, however, any argument premised on the irreconcilability of the several putative authorities is baseless. Under either Rule 32, the General Order, or the Cover Sheet, Avila–Reyes failed to timely provide the probation officer with his objections.

In sum, even if we were inclined to disregard the conclusion of the district court that defense counsel's "Cover Sheet" argument was an "afterthought," we would see no merit to Avila–Reyes' contention that he has been unfairly sanctioned for having relied upon the language of the Cover Sheet. He simply has not shown that his objections were timely filed under *any* of the various timing requirements.

### B

■ Even though the district court is not required to hear an objection to the PSR if the objection is not raised within fourteen days of counsel's receipt of the report, the court is allowed to entertain a new objection at any time before sentencing if the objector shows "good cause." Fed.R.Crim.P. 32(b)(6)(D). We leave the decision about whether to hear the new objection to the sound discretion of the district court. *See United States v. Archuleta,* 128 F.3d 1446, 1452 n. 12 (10th Cir.1997). In the present case, the court questioned defense counsel about the reasons for her failure to file objections to the PSR and received a response that it found to be inadequate to establish good cause for that failure. In addition, the court indicated that if it were to rule on the merits of Avila–Reyes' untimely objections and his motion for downward departure, it would deny them for the reasons set forth in the government's and probation officer's responses.[2] Under these circumstances we easily conclude that the district court did not abuse its discretion in refusing to rule on Avila–Reyes' motions.

**2.** The court did indicate that Avila–Reyes' first objection—that the PSR incorrectly indicated that he had pled guilty pursuant to a plea agreement—was well taken. In fact, the probation officer agreed, and the revised PSR reflects this objection. Avila–Reyes does not suggest that the court's refusal to actually rule on his motion with respect to this objection prejudiced him in any manner.

## III

Avila–Reyes claims that his due process rights were violated because the district court relied on an erroneous PSR when determining his sentence. Because Avila–Reyes failed to raise this claim below, we review the record for plain error. *See* Fed.R.Crim.P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). Under plain-error review, "relief is not warranted unless there has been (1) error, (2) that is plain, and (3) affects substantial rights.... An appellate court should exercise its discretion to correct plain error only if it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Jones v. United States,* 527 U.S. 373, 389, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999) (alteration in original) (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

Stated briefly, Avila–Reyes argues that the PSR miscalculated his criminal history category because it relied on an erroneous date for his state-law conviction on a robbery charge. As noted above, *see* supra note 1, the PSR listed three separate dates for this conviction. In its calculation of Avila–Reyes' criminal history category, the PSR used the earliest of these three dates—July 7, 1988—as the date of his conviction. Because Avila–Reyes was paroled on October 26, 1989, if the July conviction date is correct he would have served approximately fifteen months of the ten-year sentence he received on this charge. After reviewing a prior PSR prepared for Avila–Reyes in connection with the federal illegal-reentry charge in 1993, however, defense counsel learned that the "correct date" of the robbery conviction was in fact November 7, 1988.[3] (Appellant's Br. at 13.) Assuming this November conviction date to be correct, Avila–Reyes served only about eleven months of his ten-year sentence.

Avila–Reyes contends that this supposed factual error is material because, pursuant to sentencing guideline[4] rules for the computation of a defendant's criminal history, if he only served eleven months in prison for a robbery conviction imposed more than ten but less than fifteen years ago, then the conviction may not be counted. *See* U.S.S.G. § 4A1.2(e)(1) ("Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted [toward his criminal history]."); § 4A1.2(e)(2) ("Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted."). We conclude that Avila–Reyes' reading of the relevant guidelines provisions is faulty.

█ Pursuant to the guidelines, a defendant's criminal history category will be increased by three points for "each prior sentence of imprisonment exceeding one year and one month," *id.* § 4A1.1(a), but by only two points for "each prior sentence of imprisonment of at least sixty days not counted in (a)," § 4A1.1(b). The term "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere,* for conduct not part of the instant offense." *Id.* § 4A1.2(a)(1). The term "sentence of imprisonment" is defined as "a sentence of incarceration and

---

**3.** Defense counsel does not explain why we should presume that the date of conviction used in the 1993 PSR is correct and that the date used in the 2000 PSR is incorrect.

**4.** The 2000 edition of the sentencing guidelines manual was used in the present case.

refers to the *maximum sentence imposed.*" § 4A1.2(b)(1) (emphasis added). As the guidelines commentary makes clear, for the purposes of applying § 4A1.1(a) and (b), "the length of a sentence of imprisonment is the stated maximum," and "criminal history points are based on the sentence pronounced, not the length of time actually served." § 4A1.2, cmt. n. 2; *see also United States v. Holbert,* 285 F.3d 1257, 1263 (10th Cir.2002). For purposes of the criminal history calculation, it is therefore irrelevant how long Avila–Reyes actually served in prison; the only material figure is the ten-year maximum sentence that was imposed upon him and that was actually relied upon by the probation officer and the court in determining his criminal history category.

"Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Fed. R.Crim.P. 52(a). Even if we were to accept Avila–Reyes' argument that it was somehow plain error for the district court to have failed, sua sponte, to recognize that the date of his robbery conviction as noted in the PSR was incorrect, such error was harmless and could not have affected his substantial rights.

### IV

Avila–Reyes' sentence is AFFIRMED.

The mandate shall issue forthwith.