PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

EDWIN DUANE EASTTEAM,

　　Defendant-Appellant.

No. 05-5000

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 04-CR-80-C)**

---

Submitted on the briefs:

David E. O'Meilia, United States Attorney and Timothy L. Faerber, Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

Barry L. Derryberry, Research and Writing Specialist, Office of the Federal Public Defender and Robert Ridenour, Assistant Federal Public Defender, Tulsa, Oklahoma, for Defendant-Appellant.

---

Before **PORFILIO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.[*]

---

　　[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

**BALDOCK**, Circuit Judge.

_____

Defendant Edwin Duane Eastteam, a previously convicted felon, was arrested after a search of his truck revealed numerous rounds of ammunition, a sawed-off shotgun, and drug paraphernalia. Defendant entered a conditional plea to possession of a firearm and ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), reserving his right to appeal the district court's denial of his motion to suppress. See Fed. R. Crim. P. 11(a)(2). On the day of sentencing, Defendant filed an unopposed application to file a motion out of time. Defendant sought to file a motion seeking a third-level reduction for acceptance of responsibility. See U.S.S.G. 3E1.1(b). As part of his plea agreement, Defendant received a two-level reduction for acceptance of responsibility. Defendant sought an additional level claiming he timely notified the Government of his intention to enter a plea of guilty. The district court denied Defendant's application as untimely and did not reach the merits of the underlying motion. The district court sentenced Defendant as an armed career criminal to 220 months imprisonment followed by five years of supervised release. On appeal, Defendant argues the district court abused its discretion in denying his application to file a sentencing motion out of time and should have granted him the requested third-level reduction. We have jurisdiction pursuant to 18 U.S.C. § 3742.

Defendant's application to file a motion out of time is best characterized as an

untimely objection to his Presentence Report (PSR). We review a district court's refusal

to hear an untimely objection to the PSR for abuse of discretion. United States v.

Archuleta, 128 F.3d 1446, 1452, n. 12 (10th Cir. 1997). Applying this standard we

affirm.[1]

A defendant must raise objections to a PSR within 14 days of receiving the PSR.

See Fed. R. Crim. P. 32(f)(1). A district court may, however, entertain a new objection at

any time before sentencing if the defendant shows good cause.[2] See Fed. R. Crim. P.

32(i)(1)(D); United States v. Gigley, 213 F.3d 513 (10th Cir. 2000). During the

sentencing hearing, Defendant argued he could not have timely objected because he did

not learn of the Government's intention not to file a third-level reduction for acceptance

of responsibility until after the fourteen days had passed. Our review of the record

reveals otherwise. The Government made known to Defendant through the PSR that it

---

[1] On appeal Defendant also challenges the denial of his motion to suppress. We have reviewed the briefs on appeal, the district court's memorandum, and the entire record before us. Based upon our review, we find no merit in any of Defendant's claims regarding his motion to suppress and affirm on that issue substantially for the reasons set forth in the district court's memorandum.

[2] In his Opening Brief Defendant relies on Federal Rule of Criminal Procedure 45(b)(1)(B) to support of his argument the district court should have granted him a third-level reduction for acceptance of responsibility. Rule 45(b)(1)(B) authorizes a district court to permit untimely filings where "the party failed to act because of excusable neglect." See United States v. Vogl, 374 F.3d 977 (10th Cir. 2004). Defendant, however, did not raise this argument in the district court. Because this argument was not properly preserved, we will not address it on appeal. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994) ("Absent compelling reasons, we do not consider arguments that were not presented to the district court.")

did not intend to seek the third-level reduction.  Paragraph 22 of the PSR conspicuously states: "The Government has indicated they will not be filing a motion requesting the third-level reduction; therefore, the Probation Officer has not included the third-level reduction in the guideline calculation."  During the sentencing hearing Defendant acknowledged receiving and reading the PSR.   Nevertheless, Defendant failed to properly raise an objection within 14 days of receiving the PSR.  Additionally, the record reveals Defendant had notice of the Government's intent from the plea agreement.  As part of the plea agreement, the Government only agreed to a two-level reduction.  Defense counsel stated during the sentencing hearing: "We had an agreement, they agreed to the two points, but they never agreed to the third point."  Defendant pled guilty on September 9, 2004 and the sentencing hearing was held on December 6, 2004.  Accordingly, Defendant had sufficient time to file an objection.

Defendant relies on United States v. Marquez, 337 F.3d 1203 (10th Cir. 2003) to support his argument the district court should have granted him the third-level offense reduction.  Marquez, however, is inapposite.  Marquez stands for the proposition that the district court may not rely on the fact a Defendant filed a non-frivolous motion to suppress to justify a denial of a third-level reduction.  Id. at 1211.  In the present case, the district court did not penalize Defendant for filing a non-frivolous motion to suppress.  Instead, the court penalized Defendant for failing to object to the PSR in a timely manner.  Because Defendant failed to establish good cause for his failure to timely object, the

district court did not abuse its discretion in denying his application to file a motion out of time.  See United States v. Walters,  2001 WL 1558770, * 908 (10th Cir. 2001) (unpublished); United States v. Avila-Reyes, 2002 WL 1316516, * 158 (10th Cir. 2002) (unpublished).

AFFIRMED.