**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gabriel RODRIGUEZ–AGUIRRE,**
**Defendant–Appellant.**

**No. 06–2117.**

United States Court of Appeals,
Tenth Circuit.

Nov. 2, 2006.

David C. Iglesias, U.S. Attorney, Laura Fashing, Office of the United States Attorney, Albuquerque, NM, for Plaintiff–Appellee.

Gabriel Rodriguez–Aguirre, Adelanto, CA, pro se.

Before KELLY, HENRY and TYMKOVICH, Circuit Judges.

## ORDER AND JUDGMENT *

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court denying the defendant's "Ex Parte Motion Requesting That Fine Payments Be Paid Direct To The Court." We affirm.

In the district court, the defendant requested that he be allowed to make his quarterly payments directly to the court because he is unable to work in prison because of medical restrictions. The district court denied the motion.

On appeal, the defendant challenges the imposition of a four million dollar fine as part of his sentence. Because he did not raise this issue before the district court, we will not address it. "Absent compelling reasons, [this court will] not consider arguments that were not presented to the district court." *Crow v. Shalala,* 40 F.3d 323, 324 (10th Cir.1994). This rule applies in criminal as well as civil appeals. *See United States v. Eastteam,* 426 F.3d 1301, 1303

n. 2 (10th Cir.2005) ("Because this argument was not properly preserved, we will not address it on appeal.") (citing to *Crow* ).

There is no reason present here to deviate from this general rule. The defendant had ample opportunity to challenge the imposition of the fine both in his direct appeal and in his § 2255 motion.

**AFFIRMED.** The government's motion to dismiss is **DENIED.**

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.